IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

# 1:CV 00-2151

JUHSEN HONG
INS FILE No. A26-843-404
  Petitioner,

   v.

CHARLES ZEMSKI,
DISTRICT DIRECTOR, INS
  &amp;
JANET RENO,
ATTORNEY GENERAL
   Respondents.

CIVIL ACTION No._____

FILED
SCRANTON

DEC 1 3 2000

PER_____
DEPUTY CLERK

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO TITLE 28, U.S.C. § 2241 AND COMPLAINT FOR INJUNCTIVE RELIEF.

The petition for writ of habeas corpus and complaint for declaratory and injunctive relief of JUHSEN HONG, petitioner allege that his detention pursuant to the mandatory provision of 8 U.S.C. § 1226(c) is unconstitutional, and violates his right to due process and the rights guaranteed petitioner by the United States Constitution, and all other rights not hereinbefore enumerated, and that his detention manifested a failure of justice.

Petitioner Juhsen Hong has no other adequate legal remedy available to contest his detention by the Respondents, unless a declaratory and injunctive relief and said writ of habeas corpus shall issue, an injustice and cause of prejudice would be inherent to petitioner.

FACTUAL BACKGROUND:

Petitioner Juhsen Hong is a native and citizen of Taiwan, who was admitted to the United States at Los Angeles, California, on or about August 18, 1982 as a nonimmigrant. Petitioner's status was adjusted to that of a lawful permanent resident on November 10, 1998.

Petitioner was convicted in the United States District Court, Southern District of New York, for the offense of conspiracy to commit mail fraud and bribery, witness tampering and false statements in violation of Title 18, U.S.C. §§§§ 371, 1341, 1512(b)(1) and 1001, for which the term of imprisonment imposed was one year and one day.

Upon completion of his sentence, petitioner was released by the Bureau of Prisons to the custody of the Immigration and Naturalization Service. The INS charged petitioner as deportable from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, in that at any time after admission, petitioner has been convicted of an aggravated felony crime as defined in 8 U.S.C. § 1101(a)(43).

Petitioner appeared before an Immigration Judge on November 21, 2000, for a bond determination, however, was denied bail by the Immigration Judge, asserting that 8 U.S.C. § 1226(c)(1) deprived him of jurisdiction to consider the application for bail during the pendency of his deportation hearing.

Petitioner is well established in the United States with two children who are United States citizens, and a spouse who currently needs medical attention because of a illness, thus,

his restraint by the Respondents deprive him of a liberty interest.

## ARGUMENT

Petitioner assert that his detention pursuant to 8 U.S.C. § 1226(c), which deny him bail hearing violates his right to procedural and substantive due process.

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

It is indisputable that the United States Constitution provides due process and equal protection guarantees to aliens as well as citizens. DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir. 1999), citing, Yick Wo. v. Hopkins, 118 U.S. 356 (1886). As to due process it is undisputable that aliens have both substantive and procedural rights. Ngo v. INS, 192 F.3d 390, 396 (3d Cir. 1999); citing, Landon v. Plasencia, 459 U.S. 21, 32-33 (1982). See also Reno v. Flores, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."); Ma v. Reno, 208 F.3d 815, 825 (9th Cir. 2000)("[N]umerous cases establish that once an alien has 'entered' U.S. territory, legally or illegally, he or she has constitutional rights, including Fifth Amendment rights."), cert. granted, ---S.Ct.---, 2000 WL 949125, 69 USLW 3086 (U.S. Oct. 10, 2000).

Numerous courts have concluded that § 1226(c) implicates fundamental liberty interests, and that detaining an alien indefinitely without affording him or her any opportunity to challenge

constitutional muster. In Ngo, the court held that long term
detention of an alien subject to a final removal order did not
violate due process provided there was a possibility of the alien's
eventual removal, there were adequate and reasonable procedures
to seek release pending removal, and there was an adequate factual
premise for a conclusion that detention was necessary to prevent
a risk of flight or threat to the community. Id. at 397. If an alien
who is subject to a final removal order is entitled to an opportunity
to see release pending execution of the removal order, then an alien
who is not yet subject to a final removal order should be accorded
the same opportunity. See Bouayad, 74 F.Supp.2d at 475.

There is substantial support in case law that the
duration of detention can affect whether detention is excessive
in relation to the government's legitimate purpose. An example
comes from Salerno, supra. Although Salerno dealt with the Bail
Reform Act, the Supreme Court stated that "[w]e intimate no view
as to the point at which detention in a particular case might
become excessively prolonged, and therefore punitive, in relation
to Congress' regulatory goal". Salerno, 481 U.S. at 748 n.4.

Similarly, the Third Circuit intimated that, even
in pretrial detention, length of duration matters in some cases
evaluated against the background of duration of pretrial incarce-
ration and the causes of that duration, may no longer justify
detention. United States v. Accetturo, 783 F.2d 382, 388 (3d Cir.
1986)(Emphasis added).

In the case at bar, Petitioner is pursuing a challenge
to the facts of removability, and has been under the custody of

the INS without any bail while he pursue his challenge to his
removal, he is entitled to release. There is no evidence that
petitioner poses a flight risk or danger to some person or the
community, he is entitled to an opportunity to seek his release.

Because § 1226(c) denies him such an opportunity, it
is unconstitutional. Accordingly, Petitioner is entitled to be
released in light of the admonition in <u>Ngo</u>, 192 F.3d at 398, and
<u>Bouayad</u>, 74 F.Supp.2d at 477, that "grudging and perfunctory
review is not enough to satisfy the due process right to liberty,
even for aliens".

Clearly in a case such as this one, involving detention
implicates a liberty interest. Equally clearly, a statute that
presumes that all criminal aliens will abscond or pose a threat
to safety sweeps too broadly. On the contrary, compelled confinement
may provide the motivation to forego pursuit of an arguably valid
defense to removal.

[W]hile the risk of flight by aliens aliens may be
significant, the public can still be protected by a careful
evaluation of an individual alien's case, which should result in
the detention of those who are likely to flee. <u>Bouayad v. Holmes</u>,
74 F.Supp.2d 471, 475 (E.D.Pa. 1999). "To presume dangerousness
to the community and risk of flight based solely on his past
record does not satisfy due process." <u>Chi Thon Ngo v. INS</u>, 192 F.3d
390, 398-99 (3d Cir. 1999).

Although Petitioner Juhsen Hong does not have an
absolute right to remain at liberty while the removal proceedings
are pending, due process requires a current individualized evaluation

to determine whether his continued detention is necessary to prevent a risk of flight or a threat to the community.

## CONCLUSION

WHEREFORE, for the reasons stated herein petitioner Juhsen Hong, respectfully request this honorable court to issue an appropriate order commanding the Respondents to bring him before an immigration judge for an individualized evaluation to determine whether his continued detention is necessary to prevent risk of flight or danger to the community, and if petitioner demonstrates that he is not a threat to the community or a flight risk, the INS should order him released from custody on bond upon reasonable conditions. And for any all other relief in the premise.

Dated December 05, 2000

Respectfully submitted,

Juhsen Hong
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

/7

| | | |
|---|---|---|
| 06/85' – 12/90' | ITT Community Development Corp. | Palm Coast, FL |

*Sales Manager*

Developed strategic planning in opening first Chinese market for the company.  Constantly managed and supervised entire sales division, which involved with recruiting, training, promoting and selling.  Successfully orchestrated and coordinated 128 'Inspection & Purchasing' trips to Florida, which have resulted in the highest closing rate.

*Received "Manager of The Year – 86', 87', 88', 89' " of ICDC.

| | | |
|---|---|---|
| 06/84'– 05/85' | Hunan Wok Restaurant | Atlanta, GA |

*Assistant Manager*

Designed special party menu targeting toward business and political sectors in the local community.   Sales and profit had increased 34% and 22% respectfully in a year.

| | | |
|---|---|---|
| 05/79'– 07/82' | Sterling Drug Inc. | Taipei, Taiwan |

*Detailman*

Detailed and promoted new drugs to medical doctors in the hospital.  Worked independently in surpassing monthly sales quota in north region of Taiwan.

*Received "Detailman of The Year – 80' " of Sterling Drug Inc.

| | | |
|---|---|---|
| 07/77'– 05/79' | China Army | Taipei, Taiwan |

*Lieutenant Medical Officer*

Full in charge of timely monthly supplying of medicines and surgical equipment to 127 medical unit islandwise.  Streamlined operational procedures, which have resulted in slashing 25 working days to 19 in a month.

## EDUCATION

| | | |
|---|---|---|
| 09/82' – 05/84' | Emory University | Atlanta, GA |
| | ▪ MBA Degree | |
| 09/73' – 05/77' | Taipei Medical College | Taipei, Taiwan |
| | ▪ B.S. Degree | |

## PERSONAL INFORMATION

Male, age 47, Citizen of Taiwan, Republic of China.  Fluent in English, Mandarin and Taiwanese.  Fit and Healthy, No history of smoking, drinking, gambling, drug using.  Hobby in gardening and reading.

# JASON J. HONG

OBJECTIVE

To pursue an ultimate career opportunity in a dynamic and challenging arena of hotel resort and casino industry in which allow my full passion, potentials and capabilities to be realized.

QUALIFICATIONS

Sound educational background and 20-year proven tracking records of superb performances in sales, management and customer services contribute a great asset to the company.

Expertise in creating rapport and trust between customers and the company. Great anticipation of customers' needs and wants before they do which have resulted in fruitful customers' satisfaction and referrals.

A team player with tremendous ability in working under high-pressure and fast-pace environment and still getting the job well done in time.

EXPERIENCE

01/93'– 08/99'    The World Trade Center                              New York, NY
*Project & Account Manager*
Actively interacted with top executives of international firms from all over the world. Daily job functions include identifying customers' needs and wants; selecting appropriate office spaces; negotiating lease terms and preparing agreements for execution; coordinating office renovation and move-in process and providing on-going customer services in order to secure renewal of their leases and referrals. Intensively involved with crisis management and recovery of 1993's World Trade Center bombing. Conducted over 20 presentations and site tours per year to the international business and government delegates. Promoted premises event spaces to and assisted tenants in holding trade shows and large conferences. Facilitated the leasing and construction of 25,000-square-feet restaurant spaces in the sky lobbies.
*Received "Entrepreneurial Award – 1997" of The Port Authority of New York and New Jersey

01/91'– 12/92'    Westside Properties Inc.                             New York, NY
*Leasing Manager*
Assisted broker in developing both commercial and residential listing throughout Manhattan area. Worked closely with salesman team in prospecting international clients and closing the deals.

**U.S. DEPARTMENT OF JUSTICE**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:                                    Case No.: A _26 843 404_

_HONG, Juhsen_                                    Docket: _YORK_

                        **RESPONDENT**        IN DEPORTATION PROCEEDINGS

_H. Wang, Esq_                                         _Removal_

**ORDER OF THE IMMIGRATION JUDGE**

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☒        The request for a change in the custody status of the respondent be denied.

☐        The request for a change in the custody status of the respondent be granted and that the respondent be:

    (1)    ☐    released from custody on respondent's own recognizance; or,

           ☐    released from custody upon posting a bond of $ _____ : and

    (2) the conditions of the bond:

           ☐    remain unchanged; or,

           ☐    are changed as follows: _____

           _____

           _____

☒    Other _ineligible for bond per section 236(c)(1)_
      _§ INA & Matter Adeniji ._
      _____

                                         _W. Durling_
                                         **Immigration Judge**

                                         Date: _11-21-00_

Appeal: RESERVED/WAIVED (A/I/B)  _Dec. 21/00_

Form EOIR - 1
REV. - JUNE 93