ORIGINAL

DMB:JJT:nz

⑤
1-25-01
&c

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUHSEN HONG,                         :
                                     :
              Petitioner,            :
                                     :
         v.                          :   CIVIL NO. 1:CV-00-2151
                                     :
                                     :   (CALDWELL, J.)
CHARLES ZEMSKI, District             :   (BLEWITT, M.J.) ——
Director, INS, et al.,               :
                                     :        FILED
              Respondents.           :   HARRISBURG, PA

                                         JAN 2 4 2001

RESPONSE TO ORDER TO SHOW CAUSE    MARY E. D'ANDREA, CLERK
                                         Deputy Clerk

I.   Introduction.

     Petitioner Hong is an alien being detained by the

Immigration and Naturalization Service (INS).  He has filed a

habeas corpus petition under 28 U.S.C. § 2241.  He claims that

his continued detention while the removal proceedings are pending

violates his constitutional rights.  He seeks release from INS

custody.  Because the petitioner has received that process which

is due an alien detainee in his situation, his petition for

habeas corpus should be denied.


II.  Statement of the Case.

     Petitioner filed his Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 (hereinafter "petition") on

December 13, 2000.  On December 15, 2000, the Court issued an

Order to Show Cause requiring Respondents to file a response within twenty days, or by January 4, 2001.  On January 3, 2001, respondent filed a Motion for Enlargement of Time, seeking twenty (20) additional days to file a response.  This response is filed on behalf of the INS in opposition to the petition for writ of habeas corpus.

Petitioner Hong is a native and citizen of Taiwan who entered the United States in August 18, 1982.  Exh. 1.  His status was changed to lawful permanent resident as of November 10, 1998.  Id.  In 1999, he was convicted of mail and wire fraud.  Exh. 2.  In November, 2000, Mr. Hong was placed in removal proceedings by the INS, on the grounds that he had been convicted of crimes involving moral turpitude.  Exh. 1.  The removal proceedings are currently pending.  The Immigration Judge denied Hong's request for bond.  Exh. 3.  He is currently in INS custody at the York County Prison.

III.  **Question Presented**.

**WHETHER PETITIONER'S CONTINUED DETENTION BY THE INS WHILE HIS REMOVAL PROCEEDINGS ARE PENDING CONSTITUTES A DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE UNITED STATES CONSTITUTION.**

Suggested answer in the negative.

IV.  **Argument**.

In 1952, Congress enacted the INA as a major recodification of all previous immigration laws.  Under this statute, the

Attorney General had the authority to release an alien pending a
final determination of deportability. *See* 8 U.S.C. § 1242(a)
(1970). The INA was amended in 1988 by the Anti-Drug Abuse Act
of 1988, Pub. L. No. 100-690, 102 Stat. 4181 (1988) ("ADAA") to
make mandatory the detention of any alien convicted of an
aggravated felony. *See* 8 U.S.C. § 1242(a)(2) (1990). Moreover,
this amendment required the offending alien to be held without
the right to bond. Id.

In 1990, the INA was amended to restore the privilege of
bond for aggravated felons who had been lawfully admitted to the
United States and who could demonstrate that he were not a threat
to the community and not likely to abscond. *See* 8 U.S.C. §
1242(a)(2) (1994); 8 C.F.R. § 242.2(d) (1991).

In 1996, Congress once again amended the INA by enacting the
Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")
Pub. L. No. 104-32, 110 Stat. 1214 (Apr. 24, 1996).
Specifically, Section 440(c) of AEDPA deleted the bond exception
created by the 1990 amendment and restored the prohibition on
releasing aggravated felons during deportation proceedings. In
addition, Section 440(c) extended the mandatory-detention without
bond requirement to include those aliens who had been convicted
of other enumerated categories of criminal offenses.

Later in 1996, Congress again revised the immigration laws
of the United States, enacting the Illegal Immigration Reform and
Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-

-3-

208, 110 Stat. 3009-626 (Sept. 30, 1996) § 304(a)(3). This act eliminated many of the distinctions between "excludable" aliens and "deportable" aliens, substituting the concept of "removable" aliens to cover both situations. In order to ensure that the mandatory detention provisions would accommodate the new concept of removal proceedings, Congress enacted Section 303(a) of IIRIRA which created new Section 236 of the INA. As relevant to the case at bar, the statute provides:

> (c) Detention of Criminal Aliens.
>
> (1) Custody. The Attorney General shall take into custody an alien who . . .
>
> (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) . . .

8 U.S.C. § 1226(c)(1)(B). Here, petitioner's convictions triggered the application of this provision and, thus, his detention by the INS is mandatory.

In the case at bar, the petition challenges his detention while removal proceedings are pending, claiming such detention constitutes a violation of his constitutional rights.

The United States Court of Appeals for the Seventh Circuit addressed this precise question in <u>Parra v. Perryman</u>, 172 F.3d 954 (7th Cir. 1999). The court reasoned as follows:

> Section 1226(c) plainly is within the power of Congress. *Martinez v. Greene*, 28 F. Supp. 2d 1275 (D. Colo. 1998), which held the statute unconstitutional, is unpersuasive. Persons subject to § 1226(c) have forfeited any *legal* entitlement to remain in the United States and have little hope of clemency . . . Before the IIRIRA bail was available to persons in Parra's position as a corollary to the possibility of

-4-

discretionary relief from deportation; now that this possibility is so remote, so too is any reason for release pending removal.  Parra's legal right to remain in the United States has come to an end.  An alien in Parra's position can withdraw his defense of the removal proceeding and return to his native land, thus ending his detention immediately.  He has the keys in his pocket.  A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure that removal actually occurs.

The due process calculus under *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), requires the court to evaluate the private interest, the probability of error (and the effect of additional safeguards on the rate of error), and the government's interest in dispensing with those safeguards, with a thumb on the scale in favor of the statute's constitutionality.  The private interest here is not liberty in the abstract, but liberty *in the United States* by someone no longer entitled to remain in this country but eligible to live at liberty in his native land; the probability of error is zero when the alien *concedes* all elements that require removal (as Parra has done); and the public interest is substantial given the high flight rate of those released on bail.  The Supreme Court held in *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987), that pretrial detention in criminal prosecutions (a parallel to pre-removal detention) comports with the Constitution even though the private interest is greater, the likelihood of error must be deemed significant given the prosecutor's high burden at a criminal trial, and the public interest is less (for the skip rate on bond in criminal prosecutions is well under 90%).  Given the sweeping power Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S. Ct. 1473, 52 L. Ed. 2d 50 (1977), the constitutionality of § 1226(c) is ordained.

172 F.3d at 958 (emphasis in original).  *But see* Bouayad v. Holmes, 74 F. Supp. 2d 471 (E.D. Pa. 1999).

The petitioner continues to be detained only because he is still in removal proceedings.  His current status is not

indefinite; on the contrary, his current status can continue only until his appeals are decided. At that point, he will be released, deported, or detained under the Interim Rules found to be constitutionally acceptable in Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999). Further, petitioner can at any time withdraw his defenses to the removal proceedings and return to his native lands. In the Seventh Circuit's terms, he holds the keys in his pockets.

The petitioner has not raised any substantive defense to his removal. Given the very slim likelihood that the petitioner will succeed in establishing entitlement to remain in this country, the balancing of interests set forth in Parra clearly cuts in favor of the constitutionality of the statute as applied in this case.

## V.    Conclusion.

For the foregoing reasons, Respondents respectfully request that this Court deny the petition for writ of habeas corpus.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

Joseph J. Terz
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania 17 108
Dated:   January 24, 2001       (717) 221-4482

# EXHIBIT - 1

COPY

U.S. Department of Justice
Immigration and Naturalization Service

**Additional Charges of Inadmissibility/Deportability**

In: ☒ **Removal proceedings under section 240 of the Immigration and Nationality Act**

☐ **Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act**

**In the Matter of:**

Alien/Respondent:  Jushen HONG

File No:  A26 843 404          Address:  c/o York County Prison, 3400 Concord Road, York, PA  17402

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who is convicted of a crime involving moral turpitude committed within five years of entry of a crime for which a sentence of one year or longer may be imposed.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in addition to ☐ in lieu of those set forth in the original charging document

Dated: 11/21/2002          _Maureen C. Gaffney, ADC_
                                        (Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

**Additional allegations (continued):**



**GOVERNMENT EXHIBIT**

1

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

**Certificate of Service**

Served in Ct.

This charging document was served on the respondent by me on ___11/21/2000___ , in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☒ in person ___Tushen Hong, C/o INS, UCP, 3600 Concord Rd, York, PA___
☐ by certified mail, return receipt requested        ☐ by regular mail
to:
(Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          ___Maureen C. Gaffney, ADC___
(Signature of respondent if personally served)                    (Signature and title of officer)

Form I-261(Rev. 4/1/97)N

 

...partment of Justice

...migration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

|  |  |
|---|---|
| File No: | A26 843 404 |
| BOP No: | 44173-054 |
| PRD Date: | 10/14/00 |

In the Matter of:

Respondent:  HONG, Juhsen

currently residing at:

LSCI ALLENWOOD P.O. BOX 1500 WHITE DEER PA 17887                                    N/A

<span>(Number, street, city, state and ZIP code)</span>                                    <span>(Area code and phone number)</span>

[ ]  1. You are an arriving alien.

[ ]  2. You are an alien present in the United States who has not been admitted or paroled.

[X]  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1.  You are not a citizen or national of the United States;
2.  You are a native of Taiwan, and a citizen of Taiwan;
3.  You were admitted to the United States at Los Angeles, CA., on or about August 18, 1982, as a nonimmigrant;
4.  Your status was adjusted to that of a lawful permanent resident as November 10, 1998 at New York, NY.;
5.  You were, on October 21, 1999, convicted in the United States District Court, Southern District of New York for the offense of Conspiracy to commit mail fraud and bribery, Mail fraud, Witness tampering & False statements in violation of Title 18, United States Code, section 371, 1341, 1512(b)(1) & 1001 for which the term of imprisonment imposed was <u>one year</u> and <u>one day</u>.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim exceeds $10,000; or (ii) is described in The Internal Revenue Code of 1986, Section 7201 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(S) of the Act, an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment imposed is at least one year.

[ ]  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ]  Section 235(b)(1) order was vacated pursuant to:  [ ]  8 CFR 208.30(f)(2)  [ ]  8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

EOIR 1600 Callowhill St, Room 400 Philadelphia, PA 19130

<span>(Complete Address of Immigration Court, Including Room Number, if any)</span>

on ___To be set___ at ___To be set___ to show why you should not be removed from the United States based on the
<span>(Date)</span>                 <span>(Time)</span>

charge(s) set forth above.

IHP Director

<span>(Signature and Title of Issuing Officer)</span>

Date: 5/16/00

Allenwood, PA

<span>(City and State)</span>

## See reverse for important information

Form I-862 (Rev. 4-1-97)

 

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

    David S Bunks, IA  Agent

_____
   (Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____5/17/00_____, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[ ] in person          [ ] by certified mail, return receipt requested          [ X ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
   HONG, Juhsen
(Signature of Respondent if Personally Served)

_____
   David S Bunks, IA
(Signature and Title of Officer)

Form I-862 (Rev. 4-1-97)

# EXHIBIT - 2

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of New York

UNITED STATES OF AMERICA
v.

JUHSEN HONG *RECEIVED*

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: 1:98CR01056-001

JAN 03 2000

Philip Weinstein (Evan Barr, A.U.S.A.)

*Defendant's Attorney*

**THE DEFENDANT:**

ALLENWOOD INS

DOCKETED AS A JUDGMENT # 99 2559 ON ·/c/26/95·

- ☒ pleaded guilty to count(s)  (S1) - 1,2,3,4
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 371 | Conspiracy to commit mail fraud & bribery | 08/31/1998 | (S1)- 1 |
| 18 U.S.C. ' 1341 | Mail Fraud | 08/31/1998 | (S1) - 2 |
| 18 U.S.C. ' 1512 (b)(1) | Witness tampering | 08/31/1998 | (S1)-3 |

**See Additional Counts of Conviction - Page    2**

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☒ Count(s) **all open counts** _____ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **04/07/1953**
Defendant's USM No.: **44173-054**
Defendant's Residence Address:

**32 SPRUCE STREET**

**GREAT NECK**          NY     11021

Defendant's Mailing Address:

**32 SPRUCE STREET**

**GREAT NECK**          NY     11021

**10/20/1999**
*Date of Imposition of Judgment*

*Signature of Judicial Officer*

**KMIBA M. WOOD**
**U.S.D.J.**
*Name & Title of Judicial Officer*

10 - 21 - 99
*Date*

U. S. DISTRICT COURT
FILED
OCT 21 1999
S. D. OF N.Y.

Certified as a true copy on this date 12/28/99

By _____ Clerk

MICROFILM

OCT 2 6 1999        9:00 AM

GOVERNMENT EXHIBIT 2

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

DEFENDANT:     JUHSEN HONG
CASE NUMBER:   1:98CR01056-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 1001 | False statements | 12/18/1998 | (S1) - 4 |

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment—Page __3__ of __

DEFENDANT: **JUHSEN HONG**
CASE NUMBER: **1:98CR01056-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **a year and a day** .

☒ The court makes the following recommendations to the Bureau of Prisons:

**That the defedant be imprisoned at an institution in the New York City area, so he may be near his family. The defendant shall surrender for service of sentence at the institution designated by the B.O.P on December 1, 1999 at 2:00 PM.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

DEFENDANT:        **JUHSEN HONG**

CASE NUMBER:     **1:98CR01056-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of        **2**      year(s)        .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Page    5**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __5__ of __8__

DEFENDANT:        JUHSEN HONG
CASE NUMBER:      1:98CR01056-001

## SPECIAL CONDITIONS OF SUPERVISION

That the defendant pay restitution to the Port Authority of New York & New Jersey, in the amount of $ 218,928.00.  Restitution shall be paid in monthly installments of 10% of his gross earnings over a period of supervision, to commence 30 days after release from custody .  If the  defendant is engaged in a BOP non-UNICOR work program, the defendant shall  pay $ 25.00 per quarter toward the criminal financial penalties.  If the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. Section 545.11.

That the defendant notify the U.S. Attorney for this district within 30 days of any change of mailing or residence address that occurs while any  portion of the restitution remains unpaid.

That the defendant be supervised by the district of residence.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page ___6___ of ___8

DEFENDANT:       **JUHSEN HONG**
CASE NUMBER:     **1:98CR01056-001**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|          | Assessment | Fine | Restitution |
|----------|-----------|------|-------------|
| **Totals:** | $          400.00 | $ | $          218,928.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|------------------------------|------------------------------------------|
| PORT AUTHORITY OF NEW YORK & NEW JERSEY | $218,928.00 | $218,928.00 | |
| **Totals:** | $ 218,928.00 | $ 218,928.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT: **JUHSEN HONG**

CASE NUMBER: **1:98CR01056-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page  __8__  of  __8__

DEFENDANT:  **JUHSEN HONG**
CASE NUMBER:  1:98CR01056-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:  **17**

Criminal History Category:  **I**

Imprisonment Range:  **24 - 30 MONTHS**

Supervised Release Range:  **2 - 3 YEARS**

Fine Range: $  __5,000.00__  to $  __573,670.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $  __218,928.00__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

# EXHIBIT - 3

**U.S. Department of Justice**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:                                    Case No.: A _26 843 404_

_Hong, hon_                                          Docket: _York_

RESPONDENT               IN DEPORTATION PROCEEDINGS

_H ubiq, seg_                                        _Removal_

## ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☑ The request for a change in the custody status of the respondent be denied.

☐ The request for a change in the custody status of the respondent be granted and that the respondent be:

(1) ☐ released from custody on respondent's own recognizance; or,

☐ released from custody upon posting a bond of $ _____ : and

(2) the conditions of the bond:

☐ remain unchanged; or,

☐ are changed as follows: _____

_____

_____

☑ Other _in eligible for bond per section 236(c)(1)_
_g INA & Matter of Noriega._

GOVERNMENT
EXHIBIT
3

_W Huling_
Immigration Judge

Date: _11-21-00_

_Dec. 21-00_

Form EOIR - 1
REV. - JUNE 93

DMB:JJT:nz

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUHSEN HONG,                        :
                                    :
                Petitioner,         :
                                    :  CIVIL NO. 1:CV-00-2151
          v.                        :
                                    :  (CALDWELL, J.)
CHARLES ZEMSKI, District            :  (BLEWITT, M.J.)
Director, INS, et al.,              :
                                    :
                Respondents.        :

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that she is an employee in
the Office of the United States Attorney for the Middle District
of Pennsylvania and is a person of such age and discretion to be
competent to serve papers.

     That on January 24, 2001, she served a copy of the foregoing

## RESPONSE TO ORDER TO SHOW CAUSE

by placing a copy in a postpaid envelope addressed to the persons
hereinafter named, at the places and addresses stated below,
which is the last known addresses, and by depositing said
envelopes and contents in the United States Mail at Harrisburg,
Pennsylvania to:

          Helen Wang, Esquire
          1011 Arch Street, Suite 200
          Philadelphia, Pennsylvania  19107

                         _Naomi Zimmerman_
                         Naomi Zimmerman
                         Legal Secretary

N:\NZimmerman\terz\INS\Hong response to order to show cause.wpd