3/22/01 JB
8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUHSEN HONG, | : | CIVIL ACTION NO. **1:CV-00-2151** |
| Petitioner | : | |
| v. | : | (Judge Caldwell) |
| CHARLES ZEMSKI, District Director | : | (Magistrate Judge Blewitt) |
| of Immigration and Naturalization | : | |
| Service, and ATTORNEY GENERAL OF | : | **FILED** |
| THE UNITED STATES, | : | **SCRANTON** |
| Respondents | : | **MAR 2 2 2001** |

**REPORT AND RECOMMENDATION**      PER _____

DEPUTY CLERK

On December 13, 2000, the Petitioner, Juhsen Hong, filed a a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents were ordered to show cause why the petition should not be granted. A response to the petition was filed on January 24, 2001. (Doc. 5). On February 21, 2001, the Petitioner filed an "Answer to Government's Response." (Doc. 7). The Petition is ripe for disposition.

**I. Background.**

The Petitioner is a citizen of Taiwan who entered the United States on August 18, 1982. On November 10, 1998, he attained status as a lawful permanent resident. On October 21, 1999, Petitioner was convicted of Conspiracy to Commit Mail Fraud and Bribery, in violation of 18 U.S.C. §371, Mail Fraud in violation of 18 U.S.C. § 1341, Witness Tampering in violation of 18 U.S.C. 1512, and False Statements in violation of 18 U.S.C. §1001 in the United States District Court for the Southern District of New York. He was sentenced to imprisonment for one year and a day.

(Doc. 5, exhibit 2).  By Notice dated May 16, 2000, Petitioner was ordered to appear before an immigration judge to show cause why he should not be removed from the United States based on Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, which provides for removal of aliens who commit an aggravated felony as defined in the Act. On November 21, 2000, additional charges were lodged against Petitioner, in that he was to be taken into custody pursuant to Section 237(a)(2)(a)(I)(I) of the Immigration and Nationality Act, as amended, pending deportation proceedings.  By Order dated November 21, 2000, an Immigration Judge denied the Petitioner's request for change in custody status.  He is currently being detained at the York County Prison, and removal proceedings are currently pending.

## II. Discussion.

The Petitioner argues that his continued mandatory detention pursuant to 8 U.S.C. § 1226(c) pending the outcome of his removal proceedings violates his constitutional rights.  The facts of this matter are similar to those presented *Koita v. Reno*, 113 F.Supp.2d 737 (M.D. Pa. 2000)(Caldwell, J),  where this court held that the mandatory detention provision of § 1226(c) "violated substantive due process because it incarcerates all immigrants who are in INS removal proceedings without regard to whether an individual alien poses a risk of flight or danger to the community." *Id*. at 741. In so holding, this court recognized that the law in this area is unsettled but chose to follow those cases finding §1226 unconstitutional.  *See Chukwuezi v. Reno*, 2000 WL 1372883 (M.D. Pa. May 16, 2000)(Vanaskie, C.J.).

In this matter, Petitioner is being held in custody pursuant to 18 U.S.C. §1226(c) pending the resolution of the administrative proceedings against him.  He has not yet been ordered removed

2

and he does not concede that he is removable. Petitioner in this matter is in the exact situation as

the Petitioners in *Koita*.  Based of the holding of the *Koita* case, *supra*, it is recommended that the

Petition for a Writ of Habeas Corpus be Granted as follows.  "The petitioner[s] shall be released

unless, within 30 days of the date of this order, the respondent grants the petitioner[s] a review of

[his] detention in accord with the procedures discussed in *Chi Thon Ngo v. INS*, 192 F.3d 390 (3d

Cir.1999), or other procedures that are as favorable." *Id*. at 741.


**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 2, 2001

3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUHSEN HONG,                          :        CIVIL ACTION NO. **1:CV-00-2151**
                                      :
                                      :
            Petitioner,               :
                                      :        (Judge Caldwell)
      v.                              :
                                      :        (Magistrate Judge Blewitt)
                                      :
CHARLES ZEMSKI, et al .,              :
                                      :
            Respondents               :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated March 20, 2001.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
**United States Magistrate Judge**

**Dated: March 12, 2001**

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 22, 2001

Re: 1:00-cv-02151   Hong v. Zemski

True and correct copies of the attached were mailed by the clerk
to the following:

Juhsen Hong
CTY-SNY
Snyder County Jail
0000557
600 Old Colony Rd.
Selinsgrove, PA  17870-8610

Mary Catherine Frye, Esq.
U.S. Attorney's Office
Room 217 Federal Building
228  Walnut St.
Harrisburg, PA  17108

Joseph J. Terz, Esq.
U.S. Attorney's Office
Room 217, Federal Building
228 Walnut St.
Harrisburg, PA  17108

cc:
Judge                    (  )              (  ) Pro Se Law Clerk
Magistrate Judge         (  )              (  ) INS
U.S. Marshal             (  )              (  ) Jury Clerk
Probation                (  )
U.S. Attorney            (  )
Atty. for Deft.          (  )
Defendant                (  )
Warden                   (  )
Bureau of Prisons        (  )
Ct Reporter              (  )
Ctroom Deputy            (  )
Orig-Security            (  )
Federal Public Defender  (  )
Summons Issued           (  ) with N/C attached to complt. and served by:
                              U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5      (  )
Order to Show Cause      (  ) with Petition attached & mailed certified mail